UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ali Shahroki, *individually, as natural father and next friend on behalf of* B.E.S.,<br><br>Plaintiff<br><br>v.<br><br>Dawn R. Throne, et al.,<br><br>Defendants | Case No.: 2:22-cv-00001-JAD-NJK<br><br>**Order Granting Motion to Dismiss, Denying Motion to Strike, and Closing Case**<br><br>[ECF Nos. 8, 10] |

This case is one of numerous constitutional, statutory, and common-law challenges that pro se plaintiff Ali Shahrokhi has brought in this district to enjoin, seek redress for, or otherwise thwart ongoing state-court child-custody proceedings regarding his child, B.E.S.[1]  He sues Family Division Judge Dawn R. Throne of Nevada's Eighth Judicial District Court, her law clerk, and her judicial assistant for common-law intentional infliction of emotional distress (IIED) and under 42 U.S.C. § 1983 for violations of his First, Sixth, Eighth, and Fourteenth Amendment rights.  Defendants now move to dismiss, arguing that federal abstention is required

---

[1] *See Shahroki v. Hardesty, et al.*, Case No. 2:21-cv-02251-RFB-VCF; *Shahroki v. Harter, et al.*, Case No. 2:21-cv-01126-RFB-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:21-cv-00557-APG-BNW; *Phillips, et al. v. Ochoa, et al.*, Case No. 2:21-cv-00483-APG-NJK; *Phillips, et al. v. Truby, et al.*, Case No. 2:21-cv-00358-KJD-EJY; *Shahrokhi v. Tao, et al.*, Case No. 2:20-cv-02346-GMN-VCF; *Phillips, et al. v. Duckworth, et al.*, 2:20-cv-02345-RFB-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01623-JAD-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01019-APG-VCF.  Defendants request that I take "judicial notice of the records and papers on file in the United States District Court for the District of Nevada [and the Nevada appellate courts] that involve Ali Shahrokhi, including" many of these cases.  ECF No. 8 at 1 n.1, 2 n.2.  Because I find it unnecessary to do so, I decline their request.  I also note that although the caption in this case and those in a couple of Shahrokhi's other cases in this district appear to misspell his name as "Shahroki," the briefing makes clear that the plaintiff's last name is "Shahrokhi."  So I direct the Clerk of Court to correct the caption in this case, and I refer to him as such throughout this order.

under *Younger v. Harris*,[2] that Shahrokhi's claims are barred by absolute judicial or quasi-judicial immunity, and that his allegations fail to state any plausible claims. Instead of opposing the motion to dismiss, Shahrokhi moves to strike it from the docket under Federal Rule of Civil Procedure (FRCP) 12(f), insisting that defendants' choice of counsel violates the separation of powers under Nevada's constitution, making her signature on the dismissal motion invalid. Although Shahrokhi's non-opposition to defendants' motion is reason enough to grant it, I also find that this court must abstain from considering his claims under *Younger* and that his claims are barred by defendants' absolute immunity. I thus dismiss the complaint with prejudice and deny his motion to strike because a motion to dismiss is not a pleading that can be struck under FRCP 12(f).

## Discussion

**I.    Motion-to-dismiss standard**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[3] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[4] plaintiffs must make direct or inferential

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (noting that facts outside the complaint may not be considered at the dismissal stage unless they are "properly submitted as [exhibits incorporated within] the complaint").

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[5]  A complaint that fails to meet this standard must be dismissed.[6]

But federal courts must also interpret all pleadings "so as to do justice."[7]  And the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[8]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."[9]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[10]

## II. Defendants' motion to dismiss [ECF No. 8][11]

This district's local rules deem the failure to oppose a motion "consent to the granting of the motion."[12]  So Shahrokhi's non-opposition to defendants' motion to dismiss is alone

---

[5] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) ("Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor.").

[6] *Twombly*, 550 U.S. at 570.

[7] Fed. R. Civ. P. 8(e).

[8] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[9] *Id.* (cleaned up).

[10] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[11] I caution the parties to comply with this district's local rules.  They must provide an index of exhibits, each exhibit must include a cover sheet describing the exhibit's contents, discrete exhibits must be individually filed (not as a part of the base document or a compilation of exhibits), and all "[d]ocuments filed electronically must be filed in a searchable" format.  L.R. IA 10-1, IA 10-3, IC 2-2.  Failure to adhere to these rules may result in the denial without prejudice of future motions.

[12] L.R. 7-2(d).

sufficient for me to grant the motion and dismiss his complaint. But even if he opposed the motion, I would nevertheless grant it because defendants are immune from suit.

### A.   *Younger* abstention applies in this case.

Before I reach the immunity issue, I address the defendants' first contention that dismissal is required under *Younger*.[13] "The Supreme Court in *Younger* espoused a strong federal policy against federal-court interference with pending state judicial proceedings."[14] "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."[15] State proceedings are ongoing until state-appellate review is completed.[16] And the Ninth Circuit has recognized that "protecting the authority of the [state] judicial system" and the "field of domestic relations" are traditionally "vital" state interests and "area[s] of state concern."[17] Because it's clear under this record that Shahrokhi is actively litigating his child-custody case in the Nevada state courts, and nothing appears to preclude him from bringing his federal claims there—either on appeal or through extraordinary writ—I find that *Younger* abstention is required in this case.

Generally, in a case for injunctive relief, if "the *Younger* doctrine applies, the district court has no discretion; it must dismiss."[18] But in an action for damages, federal courts should

---

[13] *Younger* abstention is not a jurisdictional issue. *Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986) (abstention arises from "strong policies counseling against the exercise of such jurisdiction" and federal-state comity).

[14] *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (cleaned up).

[15] *The San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

[16] *See Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004).

[17] *Koppel*, 203 F.3d at 613 (cleaned up).

[18] *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998), *disapproved of on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001).

"stay[ the federal case] until the state proceedings are completed."[19]  While Shahrokhi's complaint asserts that he seeks an injunction, nowhere in its body does he explain who or what should be enjoined.[20]  I thus construe his action as one for damages only.  So applying *Younger* abstention, I would stay the case, not dismiss it.  But because defendants' backstop arguments completely bar Shahrokhi's claims, I dismiss his complaint anyway.

### B. Absolute immunity bars Shahrokhi's claims.

Judicial officers are entitled to absolute immunity from civil liability for "acts committed within their judicial jurisdiction."[21]  This immunity applies to civil actions for damages as well as declaratory or equitable relief.[22]  Although it "covers only those acts [that] are 'judicial' in nature," a judicial officer "will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather [s]he will be subject to liability only when [s]he act[s] in the clear absence of all jurisdiction."[23]  And this absolute immunity extends to "certain others who perform functions closely associated with the judicial process," including, but not limited to, court personnel like law clerks and judicial assistants.[24]

Shahrokhi argues that because appeals divest lower courts of subject-matter jurisdiction, Judge Throne acted ultra vires by issuing rulings in cases he'd already appealed, destroying her

---

[19] *Gilbertson*, 381 F.3d at 968.

[20] *See* ECF No. 1.

[21] *Pierson v. Ray*, 386 U.S. 547, 554 (1947).

[22] *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir.1987), *cert. denied*, 486 U.S. 1040 (1988).

[23] *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 360–61 (1978)).

[24] *Moore v. Brewster*, 96 F.3d 1240, 1244–45 (9th Cir. 1996) (cleaned up); *McCann v. Taleff*, 828 F. App'x 461, 462–63 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 222 (2021) (identifying that judicial assistants are entitled to absolute quasi-judicial immunity).

5

immunity from suit.[25] But Nevada district courts "retain[] jurisdiction to enter orders on matters that are collateral to and independent from the appealed order, i.e., matters that in no way affect the appeal's merits."[26] And Shahrokhi does not allege that the acts Judge Throne took—refusing to transfer his case, refusing to disqualify herself, imposing prefiling restrictions, striking supplemental filings from the record, among others—impacted the issues on appeal, so I find that Judge Throne had jurisdiction to issue those rulings.  Even if she exceeded her authority, Judge Throne's immunity is broad enough to shield her from Shahrokhi's claims because none of his allegations demonstrates that she acted in the "clear absence of all jurisdiction."[27] And although Shahrokhi attempts to argue that the judge's actions were not judicial in nature, and instead administrative, he does not allege any facts that would indicate that to be the case.  So Judge Throne's immunity precludes all his claims against her.

Shahrokhi's allegations against Judge Throne's employees are similarly barred.  After identifying them and their roles within the Judge Throne's chambers, he includes only conclusory allegations that these employees conspired with the judge to deprive him of his constitutional rights.[28] He makes no argument for why their quasi-judicial immunity should be abrogated in this case.  I thus find his claims against all three defendants wholly barred, so I dismiss them with prejudice.[29]

---

[25] ECF No. 1 at 17–18.

[26] *Mack-Manley v. Manley*, 138 P.3d 525, 529–30 (Nev. 2006) (italics removed).

[27] *Cf. Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (holding that even though a notice of appeal transferred jurisdiction over some issues in the case to the state appellate court, the lower-court judge at worst acted "in excess of his jurisdiction" not in its "clear absence").

[28] ECF No. 1 at ¶ 68.

[29] This includes Shahrokhi's federal claims under § 1983, as well as his state-common-law IIED claim.  Although under 28 U.S.C. § 1367(a) "it is generally preferable for a district court to remand remaining pendent claims to state court," *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991), I find it necessary to dismiss all of Shahrokhi's claims because his refiling in

6

### III. Shahrokhi's motion to strike [ECF No. 10]

Shahrokhi moves to strike the motion to dismiss under FRCP 12(f), theorizing that defendants' choice of counsel, an employee of the Office of the Nevada Attorney General, violates the separation of powers enshrined in Article III of the Nevada Constitution.[30] His argument is as improper as it is meritless. FRCP 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[31] But a motion to dismiss is not a pleading, and Shahrokhi's objection to defense counsel is not among the categories of material a court may strike from a pleading. So I deny his motion.

### IV. Order to show cause why Shahrokhi should not be declared a vexatious litigant

Shahrokhi continues to file frivolous actions in this court that are barred by federal-abstention doctrines or immunities. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[32] I find that Shahrokhi's repeated waste of this court's time and resources impedes the adjudication of other pending matters. I thus **order him to show cause in writing by July 8, 2022, why he should not be deemed a vexatious litigant and subjected to a permanent prefiling injunction.**[33]

---

state court of claims that are completely barred by absolute judicial or quasi-judicial immunity would be futile. I also note that Shahrokhi's claims fail for lack of a viable legal theory. And although district courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), I find that amendment also would be futile, so leave is not warranted here.

[30] ECF No. 10; *see* Fed. R. Civ. P. 12(f). Shahrokhi's arguments under FRCP 11(a), which requires courts to strike unsigned filings, are meritless because defendants' motion to dismiss is signed. ECF No. 8 at 19; *see* Fed. R. Civ. P. 11.

[31] Fed. R. Civ. P. 12(f).

[32] *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

[33] It appears Shahrokhi is subject to prefiling restrictions in Nevada state court. *See* ECF No. 1 at ¶¶ 65–66, 94–95.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 8] is GRANTED**. Ali Shahrokhi's claims are **DISMISSED with prejudice**. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE. The Clerk of Court is also directed to AMEND THE CAPTION in this case to reflect the plaintiff's correct name, "Ali Shahrokhi."

IT IS FURTHER ORDERED that Shahrokhi's motion to strike **[ECF No. 10] is DENIED**.

IT IS FURTHER ORDERED that **Shahrokhi must show cause in writing by July 8, 2022, why he should not be declared a vexatious litigant subject to a permanent prefiling injunction**.

_____
U.S. District Judge Jennifer A. Dorsey
June 9, 2022