UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ali Shahroki, *individually, as natural father and next friend on behalf of* B.E.S., <br><br> Plaintiff <br><br> v. <br><br> Dawn R. Throne, et al., <br><br> Defendants | Case No.: 2:22-cv-00001-JAD-NJK <br><br> **Order Declaring Plaintiff a Vexatious Litigant, Imposing Prefiling Injunction, and Denying Motion** <br><br> [ECF No. 18] |

Last month, I dismissed with prejudice pro se plaintiff Ali Shahrokhi's complaint, which sought to interfere with ongoing state-court child-custody proceedings regarding his child, B.E.S. At the same time, I ordered Shahrokhi to show cause in writing by July 8, 2022, why he should not be declared a vexatious litigant and subject to a prefiling injunction in this district. He filed a response to that show-cause order, arguing that there is no basis to deem him a vexatious litigant and that declaring him one would violate his right of access to the courts.[1] Having thoroughly

---

[1] Shahrokhi styles his response as a "motion to disqualify" and "motion to demand" my disclosure of "personal or business relationship with any" named defendant. ECF No. 18 at 1. This district's local rules are clear: "[f]or each type of relief requested or purpose of the document, a separate document must be filed." L.R. IC 2-2(b). Litigants may not "fil[e] a response and a countermotion in one document." *Id.* Although Shahrokhi's failure to comply with the local rules is reason enough to deny his requests, I also find that he has established no reason to disqualify the undersigned from presiding over this case. When considering whether to recuse, a judge must decide "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citation and internal quotation marks omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Id.* (citation omitted). Shahrokhi requests my disqualification based on what he perceives is a "refusal to acknowledge" that he "has presented this court with clear and convincing evidence that his fundamental liberty rights have been violated" and that the state-court judge in his family-law matter "has committed perjury." ECF No. 17 at 4. In short, he presumes that my decision to grant the unopposed motion to dismiss his case can only be motivated by bias. *See* ECF No. 13. Because no reasonable person with knowledge of all the

reviewed the circumstances of this case and the numerous others Shahrokhi has filed in this court,[2] I find that he has abused the judicial process in a patent attempt to interfere with, and harass various individuals involved with, his state-court cases. His persistent and unrelenting conduct warrants the extreme remedy of a prefiling order prohibiting him from filing any further lawsuits involving his child-custody proceedings without prior court approval.

## Discussion

Federal district courts have the "ancient" inherent authority to issue writs—including a prefiling order—to prevent litigants from continuing to file frivolous lawsuits and abuse the judicial process.[3] Prefiling orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances."[4] Before entering a prefiling order, the district court must provide the party against whom the order is sought notice and an opportunity to be heard.[5] If the court imposes a prefiling order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that they should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and

---

facts would conclude that my impartiality might reasonably be questioned, I deny Shahrokhi's requests.

[2] *See Shahroki v. Hardesty, et al.*, Case No. 2:21-cv-02251-RFB-VCF; *Shahroki v. Harter, et al.*, Case No. 2:21-cv-01126-RFB-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:21-cv-00557-APG-BNW; *Phillips, et al. v. Ochoa, et al.*, Case No. 2:21-cv-00483-APG-NJK; *Phillips, et al. v. Truby, et al.*, Case No. 2:21-cv-00358-KJD-EJY; *Shahrokhi v. Tao, et al.*, Case No. 2:20-cv-02346-GMN-VCF; *Phillips, et al. v. Duckworth, et al.*, 2:20-cv-02345-RFB-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01623-JAD-NJK; *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01019-APG-VCF.

[3] *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982)); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)).

[4] *Id.* (citation omitted).

[5] *Id.* (citation omitted).

narrowly tailor the order to "fit the specific vice encountered."[6]  The Ninth Circuit has adopted the Second Circuit's five-factor framework to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation":

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good[-]faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[7]

Having carefully reviewed the relevant circumstances, I find that a narrowly tailored order prohibiting Shahrokhi from filing additional cases related to his state-court child-custody proceedings in this court is appropriate.  The court's June 9, 2022, order to show cause provided him with notice and an opportunity to oppose such a prefiling injunction.  Shahrokhi argues in his response that he has never been subject to sanctions under Federal Rule of Civil Procedure (FRCP) 11, and thus cannot be deemed vexatious, and that subjecting him to a prefiling injunction would violate his First, Fifth, and Fourteenth Amendment rights to access the courts.[8]  But he points to no case law that would require FRCP 11 sanctions prior to a finding of vexatiousness.  And although Shahrokhi has a right to access the courts, that right does not allow him to abuse the judicial process through meritless filings that harass state judicial officers,[9] draw them and the Office of the Attorney General into needless litigation, and stymie

---

[6] *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

[7] *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

[8] ECF No. 18 at 7–8, 12.

[9] I note that many of Shahrokhi's filings are littered with extreme and crass language directed at state-court judges.  *See, e.g.*, ECF No. 18 at 15.

proceedings in the Nevada courts with which he is dissatisfied.  A narrowly drawn prefiling restriction is the only way to curtail this abusive behavior without unduly infringing Shahrokhi's rights to otherwise access this court.

Shahrokhi, proceeding pro se, has repeatedly sued members of the Nevada judiciary who have presided over his state-court proceedings—including Supreme Court justices, judges of the family court, and their staffs—as well as the mother of his child, her boyfriend, and her former counsel.  All the cases involve the same set of central, operative facts.  A brief survey of the dockets in his cases shows that the vast majority have been dismissed based on absolute immunity or various federal abstention, prohibition, or jurisdictional doctrines.[10]  And it does not appear that he has a good-faith basis to pursue any of his federal cases that involve his custody action in the Nevada courts.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[11]  Shahrokhi is already subject to a vexatious-litigant order and prefiling injunction in Nevada state court for similar behavior.[12]  I therefore find that his actions in filing this lawsuit are frivolous and harassing and that a narrowly tailored order preventing him from

---

[10] *See Shahroki v. Hardesty, et al.*, Case No. 2:21-cv-02251-RFB-VCF (immunity-based motion to dismiss pending); *Shahroki v. Harter, et al.*, Case No. 2:21-cv-01126-RFB-NJK (dismissed based on general prohibition against claims-splitting); *Shahrokhi v. Harter, et al.*, Case No. 2:21-cv-00557-APG-BNW (dismissed for want of standing); *Phillips, et al. v. Ochoa, et al.*, Case No. 2:21-cv-00483-APG-NJK (dismissed based on *Younger* abstention); *Phillips, et al. v. Truby, et al.*, Case No. 2:21-cv-00358-KJD-EJY (dismissed based on *Rooker-Feldman* doctrine); *Shahrokhi v. Tao, et al.*, Case No. 2:20-cv-02346-GMN-VCF (dismissed based on absolute immunity); *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01623-JAD-NJK (stayed based on *Younger* abstention); *Shahrokhi v. Harter, et al.*, Case No. 2:20-cv-01019-APG-VCF (dismissed based on *Younger* abstention).

[11] *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

[12] *See* ECF No. 1 at ¶¶ 65–66, 94–95.

filing further actions against these defendants and others to challenge his custody proceedings is necessary. So I enter a prefiling order against Shahrokhi.

### Conclusion

IT IS ORDERED that **Ali Shahrokhi is a vexatious litigant who is therefore ENJOINED and PROHIBITED under 28 U.S.C. § 1651(a) from filing any complaint, petition, or other document in the United States District Court for the District of Nevada that relates to his state-court child-custody proceedings without first obtaining prefiling permission from the Chief Judge of this court.** This means that, if Shahrokhi intends to file any papers with this court that relate in any way to his state-court child-custody matter, he must first:

- **Apply to the Chief Judge of this District for leave to file the document by submitting to the clerk's office an application** bearing the title "Application to Chief District Judge Seeking Leave to File" and which must be supported by a declaration from Shahrokhi, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims, and he must
- **Attach a copy of this order** to any such application.

Failure to fully comply with this order will constitute sufficient grounds for denial of the application.

IT IS FURTHER ORDERED that **the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or document on a closed case, or any other document submitted without prior compliance with this order.**

IT IS FURTHER ORDERED that Shahrokhi's motion **[ECF No. 18] is DENIED**.

IT IS FURTHER ORDERED that no further filings will be accepted in this closed case.

_____
U.S. District Judge Jennifer A. Dorsey
July 18, 2022